IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JAMES MCDONALD, #236 354            *

    Plaintiff,                              *

    v.                                      *   2:06-CV-284-MHT
                                                                     (WO)

RICHARD ALLEN, *et al.*,            *

    Defendants.                             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, James McDonald, a state inmate, challenges the conditions of confinement within the Alabama prison system. Plaintiff filed a brief in support of his complaint which the court also construes as containing a motion for class certification under Rule 23, *Federal Rules of Civil Procedure*. (*See* Doc. No. 3.) Upon review of the motion for class certification, the court concludes that this motion is due to be denied.

Plaintiff is an inmate who seeks to represent the interests of all inmates confined within correctional facilities operated by the Alabama Department of Corrections. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. The court concludes that the *pro se* prisoner plaintiff is not an adequate class representative able to fairly represent the class. *See*

*Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981). Class certification in this case is, therefore, improper. Thus, Plaintiff's motion for class certification is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for class certification (Doc. No. 3) be DENIED.

2. This case be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before April 17, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of April, 2006.

                                          /s/Charles S. Coody
                                   CHARLES S. COODY
                                   CHIEF UNITED STATES MAGISTRATE JUDGE