IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JAMES MCDONALD, #236254 | * |
| Plaintiff, | * |
| v. | *   2:06-CV-284-MHT |
| RICHARD ALLEN, *et al.*, | * |
| Defendants. | * |

_____

## SPECIAL REPORT

COME NOW, the defendants, **Richard Allen and Bob Riley,** by and through Attorney General Troy King, via undersigned counsel, and in accordance with this Honorable Court's Order of April 14, 2006, do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, James McDonald, is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated at Easterling Correctional Facility in Clio, Alabama.

2. Plaintiff has named the following Defendants:

   a. Bob Riley, Governor of the State of Alabama.

   b. Richard Allen, Commissioner, Alabama State Department of Corrections.

   c. Sidney Williams, Chairman of the Board of Pardons and Paroles.

**PLAINTIFF'S ALLEGATIONS AND DEMANDS**

Plaintiff seeks monetary damages of one million dollars, two hundred and fifty thousand dollars in punitive damages, and injunctive relief from conditions created by prison overcrowding. Plaintiff alleges in his complaint that:

1. The Defendants are violating Plaintiff's rights by forcing Plaintiff to be housed in an overcrowded facility.

2. The case of Newman v. State of Alabama, 559 F.2d 283 (Former 5th Cir. 1977) (holding parts of the lower court's order amounted to overreaching of authority) rev'd sub nom. Alabama v. Pugh, 438 U.S. 781 (1978) (The State of Alabama and the Alabama Department of Corrections are immune from suits brought by private citizens), put Defendants on notice that their actions were unconstitutional.

3. The inmates in the Alabama prison system are "in overcrowded facilities with inmates that are sick with dangerous diseases, its unconstitutionaly [SIC] housing plaintiffs illegally under the constitution's 1st, 5th, 8th, and 14th amendment rights, and denying plaintiffs safe iviraments [SIC] by fire hazards and understaffing of correctional officers creates risk for violence in the environments, where some officers are working over the legal hours limited weekly that's permitted by federal law."

4. The conditions at the Easterling Correctional Facility are below the constitutional standards for housing inmates as set forth in a court order issued in the case of <u>Newman</u>, <u>above</u>.

5. Prisoners are being told that they have spider bites, when they actually have staff infections.

6. Prison facilities in Alabama are understaffed.

7. Prisoners are receiving medical treatment and vaccines for some diseases, but not for Hepatitis C.

8. Prisoners at Draper Correctional Facility "experienced major food poisoning."

9. Ventress Correctional Facility "had to be quarantined due to and outbreak of tuberculosis."

10. The correctional facilities do not have enough hot water to accommodate the inmates.

11. The Plaintiff is being forced to get haircuts from institutional barbers that use unsanitary tools.

12. Defendants have acted with deliberate indifference to the substantial risk of serious injuries to which Plaintiff is exposed.

**DEFENDANTS' RESPONSE**

1. Defendants deny violating the Plaintiff's constitutional rights.
2. Defendants named in their official capacities are immune by virtue of sovereign immunity.

3. Defendants named in their individual capacities are immune by virtue of qualified immunity.

4. Plaintiff lacks standing to bring this suit against the Defendants in their individual capacities.

5. Defendants request that this Honorable Court consider this report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

**ARGUMENT OF FACT AND LAW**

Plaintiff's allegations are baseless conclusions and Plaintiff's Complaint lacks the specificity required by courts in civil rights and conspiracy actions. <u>Ford v. DeLoach</u>, 2005 WL 1243346 *4 (M.D. Ala.) (<u>quoting</u> <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff's claims are due to be dismissed.

Plaintiff's claims against Richard Allen and Bob Riley, in their official capacities, are due to be dismissed because they are immune from liability. The United States Supreme Court has stated:

> "There can be no doubt … that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974); <u>Ford Motor Co. v. Department of Treasury</u>, 323 U.S. 459 (1945); <u>Worcester County Trust Co. v. Riley</u>, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'"

<u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978). There has been no consent or wavier of immunity in this case. Defendants are absolutely immune from being sued in their official capacities.

In addition, the Defendants are entitled to qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing

5

discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the Defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson, 163 F.3d at 1295. None of the named Defendants are responsible for the daily operations of the Easterling Correctional Facility. Governor Bob Riley appointed the Commissioner of Corrections, but does not control the daily operation of Easterling County Correctional Facility. Richard Allen, Commissioner of Corrections, administers the Department of Corrections through his staff and other employees of the Department, but does not control the daily operation of Elmore Correctional Facility. Following Wilson, the Defendants sued in their individual capacities are immune from liability.

6

The Defendants raise the issues of Plaintiff's lack of standing and Plaintiff's failure to state a claim upon which relief can be granted. The Plaintiff lacks standing and therefore this Honorable Court lacks jurisdiction. Without standing, the Plaintiff fails to state a claim upon which relief can be granted. Standing is essential to jurisdiction. "[A] litigant may only assert his own constitutional rights or immunities." McGowan v. Maryland, 366 U. S. 420, 429 (1961), citing United States v. Raines, 362 U.S. 17, 22 (1961). The essence of a standing question is whether the Plaintiff has alleged "a personal state in the controversy." Harris v. McRae, 448 U. S. 297, 320 (1981). The Plaintiff must assert "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of the issues upon which the court so largely depends for the illumination of difficult constitutional questions." Harris v. Evans, 20 F. 3d 1118, 1121 (11th Cir. 1994) citing Saladin v. City of Milledgeville, 812 F. 2d 687, 690 (11th Cir. 1987)(internal citations omitted).

The Plaintiff did not set forth in his complaint any demonstrable, particularized injury to him. His complaint does not date, describe or otherwise pinpoint any act, omission, or breach of duty which has resulted in any specific injury, whether actual or threatened, to him. The Plaintiff's standing or "personal stake" in this controversy rests entirely upon the implication that his custodial confinement at Easterling Correctional Facility necessarily means that his constitutional rights to be

7

free of cruel and unusual punishment were violated. This does not suffice to establish standing. Furthermore, he attempts to assert the rights of prisoners in the Draper and Ventress facilities, along with the rest of the prisoners in the Alabama prison system.

The threshold showing for standing must demonstrate, as an irreducible constitutional minimum, (1) that the plaintiff has suffered an injury in fact, (2) that the injury is fairly traceable to the actions of the defendant, and (3) that the injury will likely be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992); Miccosukee Tribe of Indians of Florida v. Florida State Athletic Commission, 226 F.3d 1226 (11th Cir. 2006); Harris v. Evans, 20 F. 3d 118, 1121 (11th Cir. 1994). An "injury in fact" requires an invasion of a legally protected interest which is both concrete and particularized as well as actual or imminent, not conjectural or hypothetical. See Miccosukee Tribe of Indians of Florida, 226 F. 3d 1226 at 1229; E.F. Hutton & Co., Inc. v. Hadley, 901 F.2d 979, 984 (11th Cir. 1996). Plaintiff failed to include in his Complaint particularized facts concerning a threatened or actual injury sufficient establish standing to assert his rights or the rights of others. Therefore, this court lacks jurisdiction and the Plaintiff's action is due to be dismissed.

## **CONCLUSION**

Based on the foregoing, Defendants Bob Riley, Richard Allen, respectfully request that this Court consider treating this Special Report

as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.

        RESPECTFULLY SUBMITTED,

        TROY KING
        ATTORNEY GENERAL
        KIN047


        s/ *J. Matt Bledsoe*_____
        J. Matt Bledsoe (BLE 006)
        ASSISTANT ATTORNEY GENERAL


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443


**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 24th day of May 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

James McDonald, #236354
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017


        s/ *J. Matt Bledsoe*_____
        J. Matt Bledsoe (BLE 006)
        ASSISTANT ATTORNEY GENERAL