IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**JAMES McDONALD,**
    **Plaintiff,**

        Vs.                                        Case #2:06-cv-284-MHT

**RICHARD ALLEN, et al.,**
    **Defendants**

**SPECIAL REPORT OF
SIDNEY WILLIAMS**

Comes now Sidney Williams, and shows unto the Court as follows:

**The Complaint**

The Complaint avers that Williams, the Chairman of the Alabama Board of Pardons and Paroles, has acted under color of State law to cause the Plaintiff to experience cruel and unusual punishment, in violation of the Constitution of the United States. Plaintiff contends that the conditions in Alabama's prisons are so harsh, as a result of overcrowding, that they violate the Constitution. He apparently contends that Williams is at fault for not releasing more prisoners than have been released.

**Defendant's Position**

Williams is absolutely immune from suit in an action seeking monetary damages, arising from his decisions to vote to grant or deny parole. If the Complaint is intended to state any other claim, Williams is entitled to qualified immunity, as no reasonable parole board member would be on notice that his actions were depriving the plaintiff of clearly established rights.

If the claim is predicated on any action other than the adjudicative act of deciding which prisoners should be released and which should not, the complaint fails to plead

sufficient facts to give notice of such a claim. The complaint does not aver any facts supporting an inference that Williams has done anything that would harm the Plaintiff; that Williams has done anything unlawful; or that Williams has any authority or control over the conditions of Plaintiff's confinement.

Williams has no knowledge of the facts regarding Plaintiff's claims regarding prison conditions. Williams has no legal authority to alter or to directly affect the conditions in any prison. Williams expressly denies having caused the alleged harms.

The affidavit of Sidney Williams is filed herewith in support of this report.

## Conclusion

The complaint fails to state a claim against Williams. The Board of Pardons & Paroles has no authority to regulate or govern conditions in any prison. The Board's jurisdiction is circumscribed by statute. Although its discretion is very broad when it has jurisdiction, it does not have jurisdiction over every prisoner. If the Board had not shouldered a heavy burden, there would be far more inmates in prison. In each case, the Board is charged by law with the duty of weighing society's needs, and is authorized to release each prisoner only after determining that release of that particular prisoner is consistent with the welfare of society.

Williams respectfully moves this Court to dismiss him from this action.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

        s/STEVEN M. SIRMON
        ASSISTANT ATTORNEY GENERAL
        State Bar#: ASB-5949-S61S
        Ala. Bd. Pardons and Paroles
        P.O. Box 302405
        Montgomery, Alabama 36130
        Telephone: (334) 242-8700
        Fax: (334) 353-4423
        Steve.Sirmon@alabpp.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on 6-7-06, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants, individually:

        **JAMES MCDONALD, #236354**
        **200 WALLACE DRIVE**
        **CLIO, AL  36017-2165**

        Done this 7th day of June, 2006.

        Respectfully submitted,

        s/STEVEN M. SIRMON
        ASSISTANT ATTORNEY GENERAL
        State Bar#: ASB-5949-S61S
        Ala. Bd. Pardons and Paroles
        P.O. Box 302405
        Montgomery, Alabama 36130
        Telephone: (334) 242-8700
        Fax: (334) 353-4423
        Steve.Sirmon@alabpp.gov