IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JAMES MCDONALD, #236 354 | * |
| Plaintiff, | * |
| v. | *   2:06-CV-284-MHT |
| RICHARD ALLEN, *et al.*, | * |
| Defendants. | * |

_____

**ORDER ON MOTION**

Pending before the court is Plaintiff's Motion to Amend. Upon consideration of the motion, the court concludes that it shall be granted in part and denied in part.

Accordingly, it is ORDERED that:

1. To the extent Plaintiff seeks to amend his complaint by submitting additional factual allegations in support thereof, the motion to amend (Doc. No. 17) is GRANTED;

2. To the extent Plaintiff seeks to name the Alabama Board of Pardons and Paroles and Attorney General Troy King as additional defendants,[1] the motion to amend (Doc. No. 17) is DENIED. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (the Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (liability under

---

[1] Plaintiff also requests that Bob Riley be named as an additional defendant to this cause of action. Plaintiff is advised that Governor Riley was named as a defendant in the original complaint.

a theory of *respondeat superior* is not available under § 1983 and claims which fail to allege sufficient causal connection or personal involvement in the alleged constitutional deprivation will not support cause of action under § 1983).

3. Defendants undertake a review of the subject matter of the complaint, as amended, (a) to ascertain the facts and circumstances; (b) to consider whether any action should be taken to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints, whether pending in this court or elsewhere, should be considered together.

4. Within **forty (40) days** of the date of this order Defendants shall file an answer and written report to **the complaint, as amended**, containing the sworn statements of all persons having knowledge of the subject matter of the complaint. This answer and report shall be filed with the court and a copy served upon Plaintiff. Authorization is hereby granted to interview all witnesses, including Plaintiff. <u>Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report. Where Plaintiff's claims or Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines</u>;

5. <u>No</u> motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint, as amended, be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to

dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court; and

    6. The CLERK is DIRECTED to furnish a copy of the amendment to the complaint to Defendants, to General Counsel for the Alabama Department of Corrections, and to the Attorney General for the State of Alabama.

    Done this 12th day of June, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE