IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES MCDONALD, #236254 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-284-MHT |
| RICHARD ALLEN, *et al.*, | * | |
| Defendants. | * | |

_____

## SPECIAL REPORT

**COME NOW**, the defendants, **Richard Allen and Bob Riley,** by and through Attorney General Troy King, via undersigned counsel, and in accordance with this Honorable Court's Order of June 12, 2006, do hereby submit the following Supplement to Defendants' Special Report filed on May 24, 2006.

## PARTIES

1. The Plaintiff, James McDonald, is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated at Easterling Correctional Facility ("Easterling") in Clio, Alabama.

2. Plaintiff has named the following Defendants:

   a. Bob Riley, Governor of the State of Alabama.

   b. Richard Allen, Commissioner, Alabama State Department of Corrections.

1

    c. Sidney Williams, Chairman of the Board of Pardons and Paroles.

## PLAINTIFF'S AMENDED ALLEGATIONS AND DEMANDS

Plaintiff seeks monetary damages of one million dollars, two hundred and fifty thousand dollars in punitive damages, and injunctive relief from conditions created by prison overcrowding. Plaintiff alleges in his Amended Complaint[1] that:

1. Prisoners at Easterling are not receiving adequate healthcare.
2. Plaintiff is not allowed sufficient access to the law library.
3. Plaintiff is not allowed sufficient time to exercise.
4. The fire alarm is in disrepair.
5. Plaintiff's laundry is not clean, and is sometimes returned wet.
6. Plaintiff is only allowed four and one-half (4.5) minutes to shower.
7. Plaintiff cannot sleep due to mail calls, pill calls, prisoner counts, and announcements.
8. The water at Easterling tastes bad.
9. The Board of Pardons and Paroles "deny paroles for no good reasons."

## DEFENDANTS' RESPONSE

Plaintiff's Amended Complaint fails to raise any substantive issues.

---

[1] Plaintiff has re-alleged claims that were listed in his original complaint and they have already been addressed. Therefore, only new claims are listed.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

## ARGUMENT OF FACT AND LAW

As argued in Defendants' first Special Report, the Plaintiff lacks standing and therefore this Honorable Court lacks jurisdiction. Without standing, the Plaintiff fails to state a claim upon which relief can be granted. Standing is essential to jurisdiction. "[A] litigant may only assert his own constitutional rights or immunities." McGowan v. Maryland, 366 U. S. 420, 429 (1961), citing United States v. Raines, 362 U.S. 17, 22 (1961). The essence of a standing question is whether the Plaintiff has alleged "a personal stake in the controversy." Harris v. McRae, 448 U. S.

3

297, 320 (1981). The Plaintiff must assert "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of the issues upon which the court so largely depends for the illumination of difficult constitutional questions." <u>Harris v. Evans</u>, 20 F. 3d 1118, 1121 (11th Cir. 1994) <u>citing</u> <u>Saladin v. City of Milledgeville</u>, 812 F. 2d 687, 690 (11th Cir. 1987)(internal citations omitted).

The Plaintiff did not set forth in his Amended Complaint any demonstrable, particularized injury to him with regards to the following allegations:

1. Plaintiff is not allowed sufficient time to exercise.
2. The fire alarm at Easterling is in disrepair.
3. Plaintiff's laundry is not clean, and is sometimes returned wet.
4. Plaintiff is only allowed four and one-half (4.5) minutes to shower.
5. The water at Easterling tastes bad.
6. The Board of Pardons and Paroles "deny paroles for no good reasons."

The allegations above do not date, describe or otherwise pinpoint any act, omission, or breach of duty which has resulted in any specific injury, whether actual or threatened, to him. The Plaintiff's standing or "personal stake" in this controversy rests entirely upon the implication that his custodial confinement at Easterling necessarily means that his

4

constitutional rights to be free of cruel and unusual punishment were violated. This does not suffice to establish standing. Furthermore, he attempts to assert the rights of prisoners at Easterling who suffer from hepatitis, tuberculosis, staff infections, or a general lack of medical treatment.

The threshold showing for standing must demonstrate, as an irreducible constitutional minimum, (1) that the plaintiff has suffered an injury in fact, (2) that the injury is fairly traceable to the actions of the defendant, and (3) that the injury will likely be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992); Miccosukee Tribe of Indians of Florida v. Florida State Athletic Commission, 226 F.3d 1226 (11th Cir. 2006); Harris v. Evans, 20 F. 3d 118, 1121 (11th Cir. 1994). An "injury in fact" requires an invasion of a legally protected interest which is both concrete and particularized as well as actual or imminent, not conjectural or hypothetical. See Miccosukee Tribe of Indians of Florida, 226 F. 3d 1226 at 1229; E.F. Hutton & Co., Inc. v. Hadley, 901 F.2d 979, 984 (11th Cir. 1996). Plaintiff failed to include in his Amended Complaint allegations of particularized facts concerning a threatened or actual injury sufficient to establish standing to assert his rights or the rights of others for the allegations mentioned above. Therefore, this court lacks jurisdiction and the Plaintiff's action is due to be dismissed.

The Eleventh Circuit has said "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). The alleged actions of Defendants are discretionary functions and do not violate any clearly established constitutional or statutory rights. The Defendants are protected by qualified immunity. Pinkey v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson, 163 F.3d at 1295, quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979). The named Defendants are not responsible for the daily operations of Easterling. Governor Bob Riley appointed the Commissioner of Corrections, but does not control the daily operation of Easterling. Richard Allen, Commissioner of Corrections, administers the Department of Corrections through his staff and employees of the Department, but does not control the daily operation of

Easterling. Under Wilson, the Defendants sued in their individual capacities are entitled to qualified immunity.

Plaintiff's claims that he suffers from sleep deprivation because of mail calls, pill calls, prisoner counts, and announcements is the only particularized injury that he alleges in his Amended Complaint.[2] However, the wide ranging deference given to prison officials would shield Defendants from liability. The Supreme Court has held that "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. Sandin v. Conner, 515 U.S. 472, 482 (1995). The policies and procedures in place at Easterling serve to maintain order and discipline at the facility. The noise which Plaintiff alleges causes sleep deprivation is necessary to preserve internal order by facilitating the activities that must occur in a given day. The Plaintiff complains about these activities, but they must occur in order to preserve the peaceful operation of Easterling. Because activities such as mail calls, pill calls, prisoner counts, and announcements are essential to the management of a volatile environment, Plaintiff's claims should be dismissed on the grounds of qualified immunity.

The Plaintiff's allegations of contaminated drinking water are unfounded. To support this claim Plaintiff alleges corrections officers drink bottled water while prisoners must use the facility's drinking system. Although the Eleventh Circuit has not addressed this issue, the

---

[2] Defendants assert that sleep deprivation is a *de minimis* injury that does not rise to the level of cruel and unusual punishment. See, Harris v. Garner, 190 F.3d 1279, 1287 (11th Cir.); modified in part by Harris v. Garner, 216 F. 3d 970 (2000).

7

Seventh Circuit has held that prison tap water does not have to be completely free of contaminates. Carroll v. DeTella, 255 F.3d 470 (7th Cir. 2001). In Carroll, the Court states, "failing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not [a violation of the Eight Amendment]." Carroll at 472. The Seventh Circuit held that giving bottled water to staff while not giving it to prisoners does not violate the Eighth Amendment's prohibition on cruel and unusual punishment. Id. Prisons do not have an obligation under the Eighth Amendment to "take remedial measures against pollution or other contamination that the agencies responsible for the control of these hazards do not think require remedial measures." Id. at 473. Following the Seventh Circuit's holding in Carroll, Defendants had no reason to know that a failure to provide prisoners with bottled water would amount to a constitutional violation. Therefore, Defendants are immune from this claim pursuant to qualified immunity.

Plaintiff alleges that "[r]easonable limits on Plaintiff's access to law library has been imposed upon, and these restrictions deny Plaintiff meaningful law library access." The Eleventh Circuit has said a prisoner claiming a right to access to courts "must show actual injury in the pursuit of specific types of nonfrivolous cases[.]" Wilson v. Blakenship, 163 F.3d 1284, 1290 (11th Cir.1998). "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or a civil rights case that results from actions of

8

prison officials." Id. at 1290-1291, See, Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir.1998). Plaintiff in the instant case has failed to show he has suffered any injury due to the reasonable time limits on library access.

Finally, Plaintiff's claims that Defendants have failed to provide adequate medical care are due to be dismissed. The Supreme Court has held that in order to maintain an Eighth Amendment claim for failure to provide adequate medical care "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). Plaintiff fails to allege any deliberate indifference by Defendants. Plaintiff does not claim to suffer from any illness that would warrant medical treatment. Therefore, Plaintiff's claims are due to be dismissed.

## CONCLUSION

Based on the foregoing, Defendants, Bob Riley and Richard Allen respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.


Respectfully submitted,


TROY KING (KIN047)
ATTORNEY GENERAL

9

          s/ *J. Matt Bledsoe*  
          J. Matt Bledsoe (BLE 006)  
          ASSISTANT ATTORNEY GENERAL

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL  
11 South Union Street  
Montgomery, AL 36130  
(334) 242-7443  
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I do hereby certify that I have, this 20th day of July, 2006, electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel:

Steven M. Sirmon, Esq.          Steve.sirmon@alabpp.gov

and that I have further served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

James McDonald, #236354  
Easterling Correctional Facility  
200 Wallace Drive  
Clio, AL 36017

          s/ *J. Matt Bledsoe*  
          J. Matt Bledsoe (BLE 006)  
          ASSISTANT ATTORNEY GENERAL