IN THE UNITED STATES DISTRICT COURT FOR THE ~~SEP 26 A 9: 15~~
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

James McDonald      ,
        Plaintiff,   Pro-Se,

VS.                                    CIVIL ACTION NO:

                                       2.06-CV-284-MHT

RICHARD ALLEN, et al.,
        Defendant's
_____

PLAINTIFF'S MOTION AND RESPONSE TO DEFENDANT'S
SPECIAL REPORT AND ANSWER, ETC.

__   COMES NOW,   James McDonald   , proceeding Pro-Se, in the
above styled Cause, and would respectfully file this the
Plaintiff's Motion and Response to the Defendant's Special Report
and Answer etc.

The Plaintiff would thus state the foregoing in support of
said Response:

1). Plaintiff would show that **SIDNEY T. WILLIAMS**, is the
    **CHAIRMAN OF THE ALABAMA BOARD OF PARDONS AND PAROLES**,
    and that the Defendant's filed their **SPECIAL REPORT AND
    ANSWER** on the 20 day of June         , 2006, as
    **ORDERED** by this Honorable Court on the 12 day of
    June    , 2006.      AND

2). The Defendant's are represented by the Undersigned
    Counsel/ Attorney, **DANIEL L. PITTMAN** and **GREGORY O.
    GRIFFIN, JR.,** CHIEF COUNSEL ( GR. 1026) and also the
    **ALABAMA ATTORNEY GENERAL, HONORABLE TROY KING.**

The Defendant's SPECIAL REPORT shows unto this Honorable Court as follows:

1). __RICHARD ALLEN__, is the COMMISSIONER OF THE ALABAMA DEPARTMENT OF CORRECTIONS.

ALLEN is named as a Defendant in this Suit.
[ SEE: __SPECIAL REPORT PAGE 1__].

The Defendant, __RICHARD ALLEN__, is the COMMISSIONER OF THE ALABAMA DEPARTMENT OF CORRECTIONS, AND IS IN DIRECT VIOLATION of the Plaintiff's 1st; 8th and 14th CONSTITUTIONAL AMENDMENT RIGHT'S UNDER THE UNITED STATES CONSTITUTION and the ALABAMA CONSTITUTION OF 1901, Unconstitutionally causing the Plaintiff's to be housed at the EASTERLING CORRECTIONAL FACILITY/ or PRISON SYSTEM under CRUEL AND UNUSUAL PUNISHMENT. Plaintiff's Life is being threatened from the Over-Crowding at the Eatserling Corr. Fac., where there is both Health and Safety Risk Violations, which violates both the 8th Amendment of the United States Constitution, and the Alabama Constitution of 1901. Plaintiff further avers to this Honorable Court, that there is rampant Fire Hazards, Diseases, along with enormous danger due to understaffing of Correctional Officer's, which creates a risk for violence in these prisons to the Petitioner.

- 2 -

SEE: HUTTO VS. FINNEY, where the 8th Amendment required Priosn Officials to remedy the placement of prisoners in Punitive Isolation under conditions where Infective Diseases could spread easily. HUTTO VS. FINNEY, 437 U.S. 678 ( 1978).

Plaintiff did claim, that as a result of the prison Over-crowding, there are Health and Safety Risks aplenty, in violation of the 8th Amendment to the UNITED STATES CONSTITUTION. Plaintiff also did alledge, that there is Disease, and Fire Hazards and Unerstaffing of Correctional Officer's, which creates more than just a slight chance or opportunity for violence in this type of enviroment.

Plaintiff did claim, that their Rights to Life's basic necessities are being deprived, namely, because of Inadequate Housing, Bathroom Facilities, Inadequate Sanitation, Disease Investation, i.e., skin rashes, Hepatitus (B): and HEPATITUS (C): STAPH INFECTION: SPIDER BITES: SCALP DISEASES: SCABIES ETC.,... also in HUTTO VS, FINNEY, Inmates in Punitive Isolation were crowded into cells, and that some of those prisoners had Infections, Maladies such as Hepatitus and Venerial Diseases( and the United States Supreme Court that this) " WAS ONE OF THE PRISON CONDITIONS FOR WHICH THE EIGHTH AMENDMENT REQUIRED A REMEDY." SEE: WILLIAMS VS. GRIFFIN, 952 F.2d. 820, 825-826 ( 4th Cir. 1991).

The Alabama Board of Pardons and Paroles is under the Doctrine of QUALIFIED IMMUNITY, GOVERMENT REPORTING DISCRETIONARY FUNCTIONS ( OFFICIALS) generally are shielded from Civil Damages in so far as their conduct DOES NOT violate clearly established Statutory or Constitutional Rights of which a reasonable person would have or should have known. SEE: HARLOW VS. FITZGERALD, 457 U.S. 800 ( 1982).

The Alabama Board of Pardons and Paroles knew that the prisons were overcrowded when they stated in the Case of ( NEWMAN N.H.) et al.,, Plaintiff's UNITED STATES OF AMERICA,

- 3 -

( CIVIL ACTION NO:  <u>3501-N at page 9:</u>

>   "  <u>THEREAFTER, THE COMMITTEE INFORMED THE COURT</u>
>   <u>THAT THE PAROLE BOARD OF THE PARDONS</u>
>   <u>AND PAROLES HAS INFORMED THE COMMITTEE</u>
>   <u>THAT THE BAORD INTENDED TO ADDRESS THE</u>
>   <u>CURRENT PROBLEMS OF OVERCROWDING.</u>"

Plaintiff's are entitled under **RULE 12 (b) (6)** and also under **RULE 12 (b) (1)** to have the Plaintiff's allegations accepted as being True and interpretted in the light most favorable to the Plaintiff's.  The Defendant's have **FAILED** to cite or even list any Authority, in which to Dismiss this Complaint, under **RULE 12 (b) (6)**, therefore, Plaintiff argues that Rule **12 (b) (1)** grounds:

**ELEVENTH AMENDMENT:**  The **ELEVENTH AMENDMENT** to the United States Constitution ( as interpreted by the United States Supreme Court) § 1983 Lawsuits against States and State Agencies, because the **ELEVENTH AMENDMENT** limits the Subject Matter Jurisdiction of the Federal Court's, the Defendant's may raise this ground in a **12 (b) (1) Motion**, yet, the Defendant's <u>DID NOT DO THIS</u>!!

The **ELEVENTH AMENDMENT** of the UNITED STATES CONSTITUTION <u>DOES NOT</u> bar Lawsuits:  (1). AGAINST STATE OFFICIALS IN THEIR INDIVIDUAL CAPACITIES FOR DAMAGES, OR:  (2).  AGAINST STATE OFFICIALS IN THEIR OFFICIAL CAPACITIES FOR INJUNCTIVE RELIEF. The critical issue in a Lawsuit against a State Official in His or Her Official Capacity is whether prospective or Retroactive Relief is sought, because ONLY the former can be obtained under § 1983.  SEE: <u>WILL</u>, 491 U.S. at 89-90.  This distinction arises because an entity with a **11th AMENDMENT** Protection is not a " " PERSON" within the meaning of § 1983, <u>BUT,</u> <u>THE ENTITY'S 11TH</u> <u>AMENDMENT IMMUNITY VARIES DEPENDING ON THE NATURE OF THE RELIF</u> <u>SOUGHT.</u>

- 4 -

Although relief that serves to compensate a party injured
in the past is impermissible, relief that serves " to bring an
end to a present violation of Federal Law IS NOT BARRED BY THE
11th AMENDMENT EVEN THOUGH ACCOMPANIED BY ANCILLARY EFFECT "
" ON A STATES TREASURY." SEE: PAPASAN VS. ALLAIN, 478 U.S. 265,
278 (1986). because suits seeking Prospective Relief are not
Suits against the State, Plaintiff's may seek such relief under
§ 1983.

Plaintiff's argue, there are a few additional Motions that
the Defendant's may make early and thus challenge the adequacy
of the Plaintiff's Complaint. Yet, if the Plaintiff's Complaint
is so Vague or Ambiguous that the Defendant's cannot reasonably
by required to frame a responsive Pleading, then said Defendant's
may Move for a More Definate Statement under the FEDERAL RULES
OF CIVIL PROCEDURES 12 (e).

The Defendant's argue, that the Plaintiff's Failed to State
how Governor Bob Riley violated their 8th Amendment Right under
the United States Constitution underCRUEL AND UNUSUAL PUNISHMENT
less any other claimed Constitutional Violation.  [ SEE: SPECIAL
REPORT at page 3].  Plaintiff's argue, that such a Motion MUST
point out the defects complained of and details desired of.

Plaintiff's Complaint satisfies the basic requirements of
Notice Pending i.e., " A SHORTENED PLAIN STATEMENT OF THE SHOWING
THAT THE PLEADER IS ENTITLED TO RELIEF.  FEDERAL RULES CIVIL
PROCEDURES RULE 8 (A), requires ONLY:  "  A SHORT AND PLAIN STATE-
MENT OF THE SHOWING THAT THE PLEADER IS ENTITLED TO RELIEF."

Plaintiff's stated briefly the Grounds which the Defendant's
violated their Constitutional Rights. ( SEE THE COMPLAINT FORM
page 2).

GROUND ONE:  THE PLAINTIFF'S CONSTITUTIONAL RIGHTS ARE BEING
VIOLATED UNDER THE COLOR OF STATE AND FEDERAL LAWS.

The Plaintiff states briefly the facts which will support the above issues:  Defendant's Richard Allen, the A.D.O.C. Commissioner and Sidney Williams, the Chairman of the Alabama Board of Pardons and Paroles are Unconstitutionally causing the Plaintiff' CHARLES DIXON: DONALD W. YOUNG: JAMES McDONALD to be housed in an Overcrowded Prison Facility, along with Plaintiff BRUCE HARMS. SEE:  COMPLAINT FORM PAGE 3).

GROUND II:  The Defendant's are causing the Plaintiff's to suffer from CRUEL AND UNUSUAL PUNISHMENT for Years without any type of remedy or solutions.

The Plaintiff's supporting facts are:  Plaintiff's are being deprived of the minimal Civilized Measure of Life's necessities in an OverCrowded Prison, which is EASTERLING CORRECTIONAL FACILITY, and then this same Facility is Inadequately housing close to 1300 plus prisoners.

GROUND III:  UNCONSTITUTIONAL UNDERSTAFFING OF OFFICER'S, WHICH IS CREATING A SAFETY SECURITY RISK AT THE E.C.F. SEE:  COMPLAINT FORM PAGE 3.

The Plaintiff's supporting facts are:   The Plaintiff's Constitutional Rights are being violated because the Issue of Overcrowding is in violation of the 8th AMENDMENT.  These same conditions " INVOLVE THE WANTON AND UNNECESSARY INFLICTION OF PAIN AND SUFFERING, " GROSSLY DOSSPORTIONATE TO THE SEVERITY OF THE CRIME WARRANTING SUCH IMPRISONMENT.  The Plaintiff's are being housed for a length of period of time in an Overcrowded Prison and thus are also being subjected too the said Challenged Conditions under the EIGHTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION.  [ SEE COMPLAINT FORM PAGE 3].

The Plaintiff's request, that this Honorable Court treat the Plaintiff's allegations as a Pro-Se Complaint.  SEE: HAINES VS. KERNER, 404 U.S. 519, 92 L.Ed.2d. 594 (1972).

- 6 -

Pro-Se  Complaints are held to less stringent standards than formal pleadings drafted by Attorney's.

> PLAINTIFF'S ARE STATE PRISONER'S AND FILING A CIVIL RIGHTS ACTION IN FEDERAL COURT, PLAINTIFF'S ALLEGE THAT THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1343 AND §1331.

The Alabama Department of Correction's Commissioner's and the ALABAMA BOARD OF PARDONS AND PAROLES CHAIRMAN, knew that they were violating Plaintiff's Constitutional Rights, by housing the Plaintiff's in an OVERCROWDED Facility ever since the Case of **NEWMAN VS. ALABAMA**, 683 F.2d. 1312, 1320 ( 11th Cir. 1982).  If a Right is clearly established, and prison Officials knew or should have known whether their acts violate it, expect in extraordinary circumstances, cases, that put them on Notice. **ALABAMA VS. PUGH**, 438 U.S. 781, 98 S.Ct. 3057 ( 1978) and also see: **PUGH VS. ALABAMA**, 406 F.Supp. 318 ( M.D. ALA. 1976) and also see the case of: **NEWMAN VS. STATE OF ALABAMA**, 466 F.Supp. 628 ( M.D. ALA. 1979).

Plaintiff's proving personal Involvement:  The Defendant, **RICHARD ALLEN**, is Commissioner over **ALL** of the Prison Facilities within the State of Alabama, and he thus knows that **ALL** State Prison Facilities are thus Overcrowded, and Defendant **SIDNEY WILLIAMS**, is over**ALL** Prisoners who Hold the Authority to Grant and Deny Parole Consideration, who is taking the appointed Chairman's Capacity to help the Overcrowded Prison System by leviating Overcrowding, the Defendant's should have known they were violating the Plaintiff's Constitutional Rights housing them in Overcrowded Facilities with Prisoners that are sick with Dangerous Diseases, is Unconstitutional, and it is further Unconstitutional housing Plaintiff's Illegally under the CONSTITUTIONS 1st; 5th; 8th; 14th AMENDMENTS.  SEE: **HARRIS VS. ANGELINA COUNTY** , 31 F.3rd. 331, 334-335 ( 5th Cir.

- 7 -

1994) (8th Amendment Violated when prison could accomodate
ONLY 111 Inmates, but averaged 135 Prisoners and went as high
as 159 prisoners, because Overcrowding resulted in Deprivation
of Basic Human Needs, including lack of Sleeping quarters);
deny Plaintiff's Safe Enviroment by Understaffing of Correctional
Officer's, where some Officer's are working over the Legal
Limits permitted by Federal Law, and the Rights to Life's basic
Neccessities are being deprived by placing Plaintiff's in Dorm-
atories that have been regulated to house 60 men per dormatory,
that now houses 180 men here at the EASTERLING CORRECTIONAL
FACILITY,providing inadequate bathroom Facilities with One
Small Urinal ( for 2 men) and Four (4) Open Toilets, and Six
(6) Sinks and Seven (7) Shower Heads.  SEE: **PUGH VS. LOCKE**,
406 F.Supp. 318 (1976) ( One toilet per 15 Inmates, One Urinal
or One Foot of Urinal Trough per 15 Prisoners, One shower per
20 Prisoners and One Lavatory per 10 prisoners, each inmate
shall have a minimum of 60' Square Feet of Living Space) as
bORDERED BY THE HONORABLE JUDGE JOHNSON.

    **Plaintiff's have had to be Vaccinated for** HEPATITUS (B).

    Plaintiff's  also state that **HEPATITUS (C)** has become
a major problem in this enviroment.  Plaintiff's have been
treated for numerous Skin rashes from Inflamed Skin and Boils
and told that these are Spider Bites, and that the water is
Bad, when in fact it is **STAFFE INFECTION ( MRSA)**.  Inmates
are not even given anything to fight against this Deadly bacteria
that shows up on our bodies and is substantially showing up
again, and again, and again, and then after repeated attempts
of treatments.

    Plaintiff's are continuously subjected to an Enviroment
that is Unsafe and Unhealthy, infested by Scabies and Parasites
that have been proven to not go away medically, because of
worn and torn mattresses and pillows and unsanitary conditions.

- 8 -

Plaintiff's are continuously fighting pests and have been warned by the Staff and by the present Administration against placing Shaving Powder on the floor, which is used and seems to be a detergent against fighting this, but we have been told that if caught, placing Shaving Powder on the floor, we will be Written a major Disciplinary and go to Segregation. ( SEE: EXHIBIT " ___ " INMATE NEWSLETTER PRINTED BYT HIS ADMINISTRATION).

Medical Reports and Lab Cultures would prove that these overcrowded conditions are responsibile for Most of EASTERLING CORRECTIONAL FACILITY'S Ills.  These conditions will continue and can be proven to be an ongoing condition in these gross conditions, unless proper remedies and relief is executed to eliviate " DEFENDANT'S OVERCROWDING."

The Plaintiff's further state, that the Institutions have improper Food Handling and the food is also unwholesome, and mostly unappetitizing and once the " MEAT" is prepared, it is for all prisoners without any regard to diets etc.,, with the excception of an occassional fruit, that is usually donated. There are unsterile eating utensils, and the Kitchen Ware due to the Overcapacity demand on Hot Water Heaters that cannot keep up with the Overcrowding Demands.

Easterling Correctional Facility has had to be quaentined on more than One occassion for outbreaks of T.B..  The overcrowded prison capacities has caused the designed capacity at the E.C.F. to function in an illegal manner that is not Constitutional.  The Inmate Laundry and Bedding is Unclean, and Unsanitary. ( SEE: EXHIBIT " ___ " INMATE NEWSLETTER).  The Laundry's designed Capacity CANNOT keep up with the Defendant's overcrowding demands and are currently being worked over 200% of the design ratings.

Sanitation and Sterilization needed to provide safe living conditions are not being provided by the Defendant's. Plaintiff's are being forced to receive Haircuts by Institutional Barbers whose tools are being used to spread the Staph Infect-tion, and other Diseases and Infections that come from Dirty and Unclean heads and Hair, because of the Unsanitary conditions of the tools that are presently and currently being used by the Institutional Barbers, who are not provided anything to Sanitize their equiptment with by the said Defendant's.

Proper cleaning supplies and or Sterilization that is needed inside the Shower Areas and the Bathroom areas are not being provided, especially when the cleaning solution that is provided by the Defendant's are basically 90% Water, and 10% Solution, for the eradiction of the deadly and dangerous bacteria, has not and is not being provided by the said Defend-nt ant's.

Plaintiff's state that the A.D.O.C.'S STAFF BARBER SHOP is less than 200 Feet where the Plaintiff's have to receive their Haircuts and the Correctional Staff has every available piece of equiptment for sterilization that is conductive for a healthy and Safe enviroment.

Running Hot Water, Infred Sterilization Ovens for the Clippers, Containers for the Barbasol used to Sterilze Combs. Guards, etc., and Hairbrushes. All of this is made available for the Staff, by the A.D.O.C. Defendant's who use the same Barbers to get their Haircuts, and then they demand strict Sanitation practices for themselves, yet, at the same time, they Deny the plaitniff's the same enviroment for a healthy and safe Barbering enviroment, where Inmates are being infected by the same barber tools that **ARE NEVER WASHED OR STERILIZED** day in and day out. The Barber Tools are stored in a Wooden

- 10 -

ĭ

Box with the Barber Capes.  No Clean Towels, No place for the
Barbers to wash their hands after cutting each head, No Sanita-
tion period, which is very conductive to a very Unhealthy
Enviroment.

Plaintiff's further state, that these conditions coupled
with the Practices that are presently and have been inflicted
by the Defendant's Overcrowding and their " DELIBERATE INDIFF-
ENCE Policies has caused numerous Scalp Diseases and Skin
Problems that are continuously contributing to the spread of
the STAFF DISEASE at a EPIDIMIC LEVEL that this Institution
is experiencing.

The problem is but one of all the stated DELIBERATE
INDIFFERENCES that are presently being practiced by the Defend-

ants Overcrowding Issues,  A.D.O.C. Commissioner RICHARD ALLEN
et al., in the Great State of Alabama.  The Inmate Bulletin
Board at the EASTERLING CORRECTIONAL FACILITY has an (**MRSA)**
STAPH CHART that Instructs Plaintiff's and Inmates about the
dangers of this bacteria that has recently been posted, and
yet, **NOTHING IS BEING DONE TO STOP THE SPREAD OF THIS BACTERIA,**
by the Defendant's, much less, **NOR** are we, the Plaintiff's
nor the other prisoner's receiving the proper Treatment for
STAPH INFECTION.

Plaintiff's further establish their claim under **42 U.S.C.**
**§ 1983** and proves: 1).  Violations of Constitutional Rights,
and 2).  that the alleged violations were committed by persons
acting under COLOR OF STATE LAW: ( SEE: **WEST VS. ATKINS,**
487 U.S. 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d. 40 (1988).
The gist of a **§ 1983** claim, is there **MUST** have been a deprivation

- 11 -

of a Federally Protected Right.  Plaintiff's **CAN PROVE** that
Defendant **WILLIAMS** violated their Federally protected Rights
under the United States Constitution and the ALABAMA CONSTITUTION
of 1901, which is a Prerequisite to a § **1983** claim/ action.
Defendant **WILLIAMS** violated the Plaintiff's rights as stated,
and shows HOW: WHEN; AND FOR HOW LONG!!

The Plaintiff's **HAVE** stated a claim for which relief can
be granted.  Defendant **WILLIAMS** took <u>NO</u> action Officially
in relation to the named Plaintiff's.  To have a § 1983 Claim/
Action, there " MUST" be a person " ACTING" under Color of
State Law and has taken absolutely NO action at all.

The Plaintiff's whow that in the case of: <u>**HARLOWE VS.**</u>
<u>**FITZGERALD**</u>, 457 U.S. 800, 818 (1982) and also:
<u>**WILSON VS. LAYNE**</u>, 256 U.S. 603, 609 (1999), and also:
<u>**CONN VS. GABBERT**</u>, 526 U.S. 286, 290-291 (1999) ( PLAINTIFF
CAN OVERCOME QUALIFIED IMMUNITY ONLY BY SHOWING THAT THEIR
RIGHT'S WERE CLEARLY ESTABLISHED AT TIME OF ALLEGED VIOLATION).
ALSO SEE: <u>**PUGH VS. LOCKE**</u>, 406 F.Supp. 318 ( 1976).

The Board as an Entity ( a party to this action) has the
Statutory Authority, in Open Public Meetings, to decide which
prisoners may be released on Parole and when and under what
Conditions.  Two (2) Individual Board Members Actions <u>DO</u> const-
itute the Transaction of the Official Business of the Board.
SEE: <u>**CODE OF ALABAMA**</u>, 15-22-20 (f) 1975, which states:

> " (T)wo members of the Board shall constitute
> a Quorum for the Transaction of the Official
> Business of the Board." Defendant

Defendant **WILLIAM'S** has the authority to transact the
Official Business of the Board by setting a Board meeting.

- 12 -

ı

Public Officials are entitled " QUALIFIED IMMUNITY" from
" LIABILITY" for Civil Damages insofar as their conduct <u>DOES</u>
<u>NOT</u> violate clearly established Statutory or Constitutional
Rights of which a reasonable person would have known." <u>HARLOWE</u>
Supra.

The Complaint shows that <u>NO</u> action has been taken by Defend-
ant <b>WILLIAM'S</b>, that violates the Plaintiff's Federally protected
Constitutional Rights, even more so, <b>WILLIAM'S</b> conduct clearly
Violates Established Statutory or Constitutional Rights of
which a reasonable person would have or should have known.
Therefore, <u>PLAINTIFF'S DO STATE A CLAIM FOR WHICH RELIEF CAN</u>
<u>AND SHOULD BE GRANTED</u>. The Case of: <u>ELLARD VS. ALABAMA BOARD</u>
<u>OF PARDONS AND PAROLES</u>, 928 F.2d. 378 ( 11th Cir. 1991), states:
as noted above, SECTION 15-22-26, CODE OF ALABAMA, 1975, provides

> That a prisoner can be released on Parole
> <u>ONLY</u> if the BOARD OF PARDONS AND PAROLES
> is of the opinion that there is reasonable
> probability that, if such prisoners is not
> compatible with the welfare of society...

In Section § 15-22-26, CODE OF ALABAMA, 1975, states in
pertinent part:

> " No prisoner shall be released as
>   reward for Good conduct, or efficient
>   performance of duties assigned in
>   prison, only, but, the Board of Pardons
>   and Paroles is of the original opinion
>   that there is reasonable doubt or
>   probability that, if such prisoner is
>   released, he will live and remain at
>   liberty without violating the law, and
>   that if his release is not compatible
>   with the welfare of society."

- 13 -

ı

ALABAMA CODE § 15-22-26 gives the Board " TOTAL" discretion in deciding which prisoners to Grant or Deny Parole.  SEE: **THOMPSON**, Supra.  The Board, a party to this action, does have the Statutory Authority to release prisoners from prison, just because there is overcrowding.  Defendant **WILLIAM'S** certainly **DOES HAVE** the authority to release prisoners from prison. It takes Two (2) Board Members to form the ALABAMA BOARD OF PARDONS AND PAROLES.  Two (2) Board Members do have the Authority to Grant or Deny Parole, <u>once the "Chairman" calls the meeting.</u>

There are other Statutory limitations that the Board shall abide by, in Granting Parole.  **ALABAMA CODE, 1975, § 15-22-28 (d)**, in part states:

> " (N)o prisoner shall be released on Parole
> except by a majority vote of the Board,
> nor, unless the Board is satisfied that he
> will be suitably employed in self-sustaining
> employment or that he will not become a
> Public Charge if so released."

**ALABAMA CODE § 15-22-28 (e)** states:

> " (T)he Board shall not Grant a Parole to
> any prisoner who has not served at least
> One Third or Ten (10) years of his/ her
> sentence, whichever is the lesser, except
> by a unanimous affirmative vote of the
> Board."  The Board lacks Statutory
> Authority to Grant a Parole until the
> Statutory Notices have been given, as
> prescribed by **ALABAMA CODE, 1975, §
> §** 15-22-23 & § 15-22-26.

The Alabama Legislature, through the passage of **AMENDMENT 38 of the ALABAMA CONSTITUTION of 1901**, created the Alabama Board of Pardons and Paroles, and set forth it's duties.

- 14 -

ː

" THE BOARD" is listed in the CODE OF ALABAMA, 1975, § 15-22-24 (a) which states:

>    " The Board of Pardons and Paroles,
>    hereinafter referred to as" THE BOARD"
>    shall be charged with **the duty of determining**
>    **what prisoners serving sentences in the jails**
>    **and what prisoners of the State of Alabama**
>    **may be released on Parole and when and under**
>    **what conditions.** Such Board shall also be
>    charged with the duty of supervising all
>    prisoners released on Parole from the jails
>    or prisons of the State, and of lending
>    assistance to the Court's in the supervision
>    of all prisoners placed on Probation by the
>    Court's exercising criminal jurisdiction and
>    making such investigations as may be necessary
>    in connection therewith, of determining
>    whether violation of Parole or Probation
>    conditions exist in specific cases, deciding,
>    in the cases of Paroles, what action should
>    be taken with referrence thereto, causing
>    in the case of Probationers, reports of
>    such investigations to be made to the Judges
>    of the Court's having Jurisdiction of the
>    Probationers and of aiding Parolees and
>    Probationer's to secure employment.  It shall
>    be the duty of the Board to personally study
>    the prisoners confined in the Jails and
>    prisons of the State to determine the fitness
>    of the prisoners to be paroled."

ALABAMA CODE § 15-22-38 ( 1975) states:

>    " (T)he duties imposed upon the members of
>    the Board of Pardons and Paroles by this
>    Article are Mandatory, and the limitations
>    and restrictions on the Powers of the Board
>    Members thereof, shall be strickly construed."

Plaintiff's aver that Defendant WILLIAMS violated their Eighth Amendment Right against CRUEL AND UNUSUAL PUNISHMENT,CODE OF ALABAMA, 1975 § 15-22-26 further states:  If the Board shall so determine, such prisoner shall be allwowed to go upon Parole outside of prison walls and enclosure upon such terms and conditions as the Board shall prescribe, but, to remain while thus on Parole in the Legal custody of the warden of the prison from which he is Paroled until the expiration of the Maximum term specified in his sentence or until he is fully Pardoned.

Defendant WILLIAMS states, that, " Neither the Board nor Defendant WILLIAMS has legal custody of the Plaintiffs..... the legal custody of the prisoners while on Parole is the Warden of the prison from which he is Paroled."  Plaintiff's state, that this is not an issue of custody, but of Authority and Discretion, therefore, the Plaintiff's have stated a claim for which Relief can be Granted.  Plaintiff's further show, that Defendant WILLIAMS does have knowledge of the Overcrowded conditions and shows that he himself does have the authority to release Plaintiff's on Parole, just because the prisons are overcrowded.  ( SEE: DEFENDANT'S SPECIAL REPORT " CONCLUSION" Defendnat States:  "  If the Board had not shouldered a heavy Burden, there would be far more inmates in prison."  ( SEE: ANSWER OF SIDNEY WILLIAMS P. 2  LINE 7).  LINE 7 STATES: <u>THE COMPLAINT FAILS TO PRESENT A JUSTIFIABLE CONTROVERSY BETWEEN PLAINTIFF'S AND WILLIAMS, IN THAT WILLIAMS HAS NO AUTHORITY TO GOVERN OR REGULATE OR CHANGE THE CONDITIONS IN ANY PRISON.</u>" Defendant WILLIAMS clearly shows that he does have the Authority and there is evidence to support Plaintiff's claims for which Relief Can and should be Granted.

Plaintiff's also make a claim, that the Defendant's should have known that they were in fact violating the Plaintiff's First Amendment Rights.  The Bottom line is that, the Plaintiff's have stated a claim, for which Relief can be Granted against the Defendant's.

Defendant **WILLIAMS** clearly shows that he does have the Power and the Authroity and there is evidence to support Plaintiff's claims for which Relief can and should be Granted.

Plaintiff's also make a claim that the Defendant's should have known that they were thus violating the Plaintiff's First Amendment Rights. Again, the Bottom line, is that the Plaintiff' have stated a claim for which Relief can and should be Granted against all of the Defendant's.

Defendant **WILLIAMS** enjoys **NO ABSOLUTE IMMUNITY** from Suit. In the Alternative, Defendant **WILLIAMS** enjoys **NO QUALIFIED IMMUNITY PERIOD.** To have a Class Action § 1983, there must be a person acting under Color of State Law.

The Plaintiff's have proved that Defendant's have violated their Constitutional Rights, a Prerequisite to a § 1983 Action. A prerequisite to a Due Process Claim is the establishment of a largely protected Interest Right. SEE: **MEDICAL LAUNDRY SERVICE VS. UNIVERSITY**, 840 F.2d. 840 ( 11th Cir. 1988). The Law is well settled, that Alabama parole Statutes do not create a Liberty Interest in Parole. SE: **ELLARD VS. ALABAMA BOARD OF PARDONS AND PAROLES**, 824 F.2d. 937 ( 11th Cir. 1987) and also see: **THOMAS VS. SELLERS**, 591 F.2d. 487 ( 11th Cir. 1983). Plaintiff's do enjoy a Liberty Interest Right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution, when they are being housed in prisons that are Unconstitutionally Overcrowded and Understaffed, where there are Disease Infested, and thus is a Dangerous and Violent enviroment to thus live in.

The Board, a party to this action, has " TOTAL" DISCRETION in the Granting and Denying of Paroles. SEE: **THOMPSON**, Supra.

- 17 -

Two Individual Board Members actions does constitute the Transaction of Official Business of the Board. SEE: **CODE OF ALABAMA, 1975** § 15-22-20 (P) 1975.

Alabama Parole Statutes set forth limitations on the Board before they can Parole a prisoner. The Board does have the Statutory Authority to release prisoners or Grant Parole, because there is prison overcrowding problems.

The Board and Defendant **WILLIAMS** have legal Custody, so as to be able to violate the Plaintiff's Eighth Amendment Right against CRUEL AND UNUSUAL PUNISHMENT. SEE: **CODE OF ALABAMA, 1975,** § 15-22-26.

Plaintiff's will also show, that **GOVERNOR BOB RILEY** for the State of Alabama, is responsbile for all of ALABAMA'S GOVERMENTAL AGENCIES of the Great State of Alabama, and who appointed mr. Richard Allen as the ALABAMA DEPARTMENT OF CORRECT-IONS COMMISSIONER to oversee and correct ongoing current over-crowded prison conditions. Governor Bob Riley, is named as a Defendant in the Plaintiff's § 1983 Action Suit ( **SEE SPECIAL REPORT PAGE 3). Defendant Bob Riley, Governor of the Great State of Alabama is also in violation of the Plaintiff's 1st, 8th, and 14th Amendment Rights** under the United States Const-itution and the ALABAMA CONSTITUTION of 1901. Unconstitutionally causing the Plaintiff's to be housed at EASTERLING CORRECTIONAL FACILITY or prison System under CRUEL AND UNUSUAL Punsihment; Plaintiff's lives are being threatened from the Overcrowding Conditions at the EASTERLING CORRECTIONAL FACILITY, where there is Health and Safety Security Risks, which violates the 8th Amendment under the United States Constition.

- 18 -

Plaintiff's allege that there is Disease, Fire Hazards
and Understaffing problems at the EASTERLING CORRECTIONAL
FACILITY, which creates a risk for violence in this enviroment.
STAPH DISEASE is rampantalong with HEPATITUS (A) (B) (C), are
also comon to the other diseases that are raging rampant at
this Facility, as well as T.B. : SCABIES: LICE: SKIN RASHES:
BOILS: SORES: INFLUENZIA, which is common during the WINTER
and SUMMER MONTHS.  Governor Bob Riley, is liable for these
conditions in this enviroment.  SEE: **HUTTO VS. FINNEY**,
437 U.S. 678 (1978).  Plaintiff's allege, that Governor Riley,
having the responsibility of overseeing Corrections Officials
and along with the Board of Pardons and Paroles, Goverment
Officials reporting discretionary functions generally are shield-
ed from Civil Damages is so far as their conduct does not clearly
violate Clearly established Statutory of Constitutional Rights
of which a reasonable person could have or should have known.
Gpovernor Riley has known by his approval and Authority to
Transport Prisoners under the Interstate Compact to Louisiana
just because it is overcrowed.  SEE: **HARLOWE VS. FITZGERALD**,
457 U.S. 800 (1982)  For 24 Years, now the Alabama Board of
Pardons and Paroles knew that that the prisons in the State
of Alabama were Overcroweded when they stated in the Case of:
**N.H. NEWMAN et al.**, **PLAINTIFF'S, UNITED STATES STATES OF AMERICA**
( **CIVIL ACTION NO:   3501-N at Page 9**, thereafter the Committee
informed the Court, the Board of Pardons and Partoles has inform-
ed the Committee, that the Board intended to address the current
 problems of overcrowding.  Plaintiff's show, that Bob Riley,
Governor, has failed to relieve these conditions.  The 11th
Amendment to the United States Constitution ( **AS INTERPRETED**
**BY THE SUPREME COURT**), bars § 1983 Lawsuits against States
and State Agencies, because the 11th Amendment limits the Subject
matter Jurisdiction of the Federal Courts.  Defendant Bob Riley,
did not raise this Ground in a **RULE 12 (b) (1) Motion**.  The
Eleventh Amendment does not bar Lawsuits (1) agaisnt State

Officials in their Individual Capacities for damages or:  2).
against State Officials in the Official Capacities for Injunctive
Relief.  The Plaintiff's argue, that Defendant Bob Riley had
actual knowledge of a Substantial Risk of Serious harm and
has failed to respond reasonably, that Defendant Bob Riley's
callous disregard to protect the Plaintiff's, shows, that this
is Deliberate Indifference.

Plaintiff's are suffering from Overcrowded prison Conditions
at the EASTERLING CORRECTIONAL FACILITY, because the Defendant's
Richard Allen, Governor Bob Riley, CHAIRMAN SIDENY WILLIAMS
of the ALABAMA BOARD OF PARDONS AND PAROLES are acting DELIBER-
ately INDIFFERENT to prisoners and also to the Plaitniff's
Safety and Health.  This does constitute CRUEL AND UNUSUAL
PUNISHMENT that is in violation of the EIGHTH AMENDMENT of
the UNITED STATES CONSTITUTION  and to the ALABAMA CONSTITUTION
of 1901.

Deliberate Indifference to a serious Overcrowded Prison
conditions constitutes UNNECESSARY AND WANTON INFLICTION of
PAIN proscribed by the EIGHTH AMENDMENT TO THE UNITED STATES
CONSTITUTION and also the ALABAMA CONSTITUTION of 1901., which
is grossly disportionate to the severity of the crime.

The Defendant's failure to alleviate the overcrowded prison
conditions constitutes a violation of federally protected Rights
under the United States Constitution, the **1st; 8th and 14th
Amendments**, at the EASTERLING CORRECTIONAL FACILITY, that is
and has for a very long time now, **<u>UNCONSTITUTIONALLY
OVERCROWDED</u>**.

- 20 -

Plaintiff's allege these acts of ommission sufficiently are harmful evidence of DELIBERATE INDIFFERENCE to serious living space at the EASTERLING CORRECTIONAL FACILITY.  This Facility is and has CRUEL AND INHUMANE OVERCROWDING CONDITIONS alone, and in combination with the " DELIBERATE INDIFFERENT" is depriving Plaintiff's of the Minimal civilized measure of liwfes basic necessities, which is the totality of the cir- sumstances.  Defendants acting DELIBERATLY and with TOTAL INDIFF- ERENCE and also with CALLOUS INDIFFERENCE to the Plaintiff's safety.  Plaintiff's will show the callousness and Complete Indifference for the Plaintiff's Safety and Health Concerns.

The Plaintiff's have a Constitutional Right not to be exposed to Dangerous Prsion Conditions that are hazardous, due to the Defendant's Overcrowding that is grossly Understaffed and dangerously diseased at Epidemic Porportions, spreading throughout the inmate population at the EASTERLING CORRECTIONAL FACILITY, and within the A.D.O.C.

The Plaintiff's emphatically state, that the Overcrowding at the EASTERLING CORRECTIONAL FACILITY is horrendous for an Institution that was originally designed to house 600 PRISONERS. **THIS FACILITY IS NOW BEING OCCUPIED BY 1400 OR A LITTLE LESS PRISONERS, THIS IS MORE THAN DOUBLE THE DESIGNED PRIRON DESIGNED CAPACITY.**

The effects of this " GROSSLY SEVERE" Overcrowding is greatly heightened by the Dormatory Living Arangements which prevails at the EASTERLING CORRECTIONAL FACILITY, where bunks are tighhtly packed in against and with each other, having less than Double the Minimal Standars as set.  SEE: **PUGH VS. LOCKE**, 406 F.Supp. 318 (1976).  **THE HONORABLE JUDGE JOHNSON** charged the ALABAMA BOARD OF CORRECTIONS ( HEREINAFTER THE BOARD), with the responsibility for managing the States Penal

System and Institutions.

Overcrowding has caused the Health Care Unit ( H.C.U.)
to become seriously inadequate by giving the Health Care Staff,
excessive Case Loads that is causing the Plaintiff's to suffer
from a breach of the States Constitutional duty.  Plaintiff's
allege, that they have had to be vacinated for Hepatitus (B)
that is Epidemic in this enviroment.  Plaintiff's have been
treated for having been infected by the T.B. Virus that is
also a major Health Threat also in this enviroment.  Plaintiff's
have been infected by the contaminated Water at the EASTERLING
CORRECTIONAL FACILITY and some Plaintiff's and prisoners have
had chronic skin problems, Boils, Sores, rashes and Scalp
problems.

The gravemen of the Plaintiff's § 1983 Complaint, is that
the Defendant's OVERCROWDING Conditions have subjected the
Plaintiff's to CRUEL AND UNUSUAL PUNISHMENT, which is in viola-
tion of the EIGHTH AMENDMENT, which is made applicable by the
FOURTEENTH AMENDMENT of the UNITED STATES CONSTITUTION. SEE:
**ROBINSON VS. CALIFORNIA**, 370 U.S. 660 ( 1962), WHICH STATED:

> "  THE EIGHTH AMENDMENT PROVIDES:  EXCESSIVE
> BAIL SHALL NOT BE IMPOSED, NOR CRUEL AND
> UNUSUAL PUNISHMENT INFLICTED".

The Defendant's are trying to draw an IRON CURTAIN between
the Constitution and the Plaintiff's who are housed within
the ALABAMA DEPARTMENT OF CORRECTIONS.  Hospital Health Care
at this Facility and at this time, and for a substantial duration
of the Plaintiff's stay at EASTERLING CORRECTIONAL FACILITY
before, and now, provides for the Inmates and the Plaintiff's
**ONE (1) DOCTOR**  to care for just less than **1400 PRISONERS**.
The Health Care Facility are way too inadequate to handle the

- 22 -

Demands of ' Defendant's Overcrowding in Alabama's Prison
Facilities." Defendant's Overcrowding " has created a quality
of Healthcare that is grossly unacceptable and is not within
prudent professional standards designed to meet routine, Medical
Emergency, Dental, Physchological or Physciatric Care. This
Un-Constitutionaly denies the Plaintiff's their Safety and
Health and this is DELIBERATE INDIFFERENCE. Plaintiff's will
also show that there are numerous inmates at this Facility,
who are being treated for ( TB) and are also left in the gerneral
population with the Plaintiff's and other inmates, only to
spread this disease via the dorms inadequate ventilation system.
( SEE: **INMATE NEWSLETTER: " MORE FANS BEING ORDERED.** 'For ventilation.

The Defendant's Overcrowding is denying the Plaintiff's
the proper amount of time to use the Law Library and thus placing
limited amounts of time on Plaintiff's Access to the Law Library.

which has been greatly imposed upon, and these same restrict
ions are denying the Plaintiff's Meaningful Access for use
of the Law Library.

The Defendant's Overcrowding is denying the Plaintiff's
the proper amount of time to exercise on the prison's Recreation-
al Yard. This further denies the Plaintiff's the basic Human
Need, that prison Officials **MUST** provide under the **EIGHTH AMEND-
MENT**, thus placing undue restrictions on the Plaintiff's
opportunities for Physical Exercise, which constitutes
**CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT**
of the United States Constitution and also the ALABAMA CONSTITU-
TION and also the ALABAMA CONSTITUTION OF 1901, and this poses
an Unreasonable Threat to the Plaintiff's Physical and mental
Health.

- 23 -

The  Defendant's " WILLFUL and WANTON" actions have subject-
ed the Plaintiff's to an Unsafe Enviroment, in combination
with the Overcrowding and the " DELIBERATE INDIFFERENCE" the
Defednant's have not taken the responsibility to repair the
faulty Fire Alarm system in the Prisoner's Living quarter's,
where there are basically no Evacuation Routes in place that
instructs the safe Evacuation for an OverCapacitated Dormatory,
which is in **DIRECT VIOLATION OF BOTH STATE AND FEDERAL FIRE
CODES.**  Defendant's are threby further subjecting the Plaintiff's
to Dangerous and Hazardous Living Conditions which is also
" CALLOUS INDIFFERENCE" by refusing to fix the Fire Alarms
and or System and the Smoke Detectors that were placed in the
Dormatories for the safety of the Plaintiff's and other Inmates,
also in violation of the Plaintiff's 8th AMENDMENT RIGHTS.

The Defendant's Overcrowding is further causing the
EASTERLING CORRECTIONAL FACILITY'S Laundry Equiptment's Maximum
Capacity not to handle the serious Overcapacity, that this
laundry Department is at. SEE  **INMATE NEWSLETTER:  " DIRTY
BEDDING."  PLAINTIFF'S EXHIBIT " A " ).**  The Defendant's Over-
crwoding is failing to provide the Plaintiff's with Clean Cloth-
ing.  Blankets never get washed, and then they are taken up
in APRIL, when it is still too cool to sleep at night, where
the Plaintiff's and other Inmates have to sleep in Dirty Clothing
in Order to keep warm at night, especially since the Officer's
keep the Overhead Blowers on all night long.  This is
depriving the Plaintiff's and other Inmates the right to life's
basic necessities of " WARMTH" and " SLEEP", that is already
being deprived for the excessive noise that is depriving the
Plaintiff's and other inmates Rights to Vital mental and Physical
Health, this constitutes, the " UNLAWFUL and WANTON INFLICTION
OF PAIN and is subjecting the Plaintiff's and other prisoners
by the Defendant's to CRUEL AND UNUSUAL PUNISHMENT.

- 24 -

that is violative of the Plaintiff's 8th Amendment Rights.
" DEFENDANT'S OVERCROWDING" in combination to the diseases
and unsafe Fire hazards and Dangerous Understaffing that has
significant breaches in Security and thus denies the Plaintiff's
Proper Bedding and Clothing, where the Plaintiff's are totally
incapacble of affording Life's Most basic necessities, and where
the managing of these same Plaintiff's and Prisoner's has been
charged to this Department overseen by **BOB RILEY, RICHARD ALLEN
SIDENY WILLIAMS, BOARD OF PARDONS AND PAROLES**, et al., has
systematically denied the Plaintiff's Constitutional Rights
as Guarenteed by the 8th Amendment.

The Defendant's overcrowding, is also exposing the Plaintiff
to various enviromental Hazards which is in violation to the
United States Constitution.  On **MARCH 19, 2006**, the **MONTGOMERY
ADVERTISOR REPORTED** that the:   ALABAMA DEPARTMENT OF CORRECTIONS
( THE BOARD) **CHARGED WITH MANAGING ALABAMA'S INSTITUTIONS AND
PRISONS**, is being sued by the **ALABAMA DEPARTMENT OF ENVIROMENTAL
MANAGEMENT FOR DUMPING RAW SEWAGE INTO ALABAMA'S SURROUNDING
TRIBUTARIES AND POLLUTING THE AQUA SYSTEM, AND WHO HAVE BEEN
DOING SO FOR MANY YEARS BECAUSE OF THE DEFENDANT'S OVERCROWDING
AT INSTITUTIONS AND PRISON FACILITIES**.  The Capacities for
Sewage Treatment at Institutions and Prisons have been for
a very long time at serious and dangerous overcapacities.
**ELMORE, STATON, HOLMAN, FOUNTAIN, BULLOCK, DONALDSON** are named
in this Article as Facilities that are in violation.

The **EASTERLING CORRECTIONAL FACILITY** should also be
investigated by this Department.  On **MARCH 23, 2006**, the Sewage
Treatment Pump for this facility Broke down due to Capacity
Rating being exceeded by present OverCapacities and Treatment
Needs.  Water Consumption is already being limited by said

- 25 -

Defendant's Overcrowding at EASTERLING CORRECTIONAL FACILITY, because of this deficiency, Plaintiff's time for reasonable showering times has been imposed upon 1½ Hours for approximately **140 prisoners with ONLY SEVEN (7) SHOWERS**, is grossly inadequate amount of time for personal hygiene, and the Plaintiff's are suffering from the Defendant's Overcrowding that is causing this deficiency from lack of managing these Institutions Water Supply and for the Failure to expand these Facilities to meet the Demands from Overcrowding.  SEE: **PUGH VS. LOCKE**, 406 F.Supp. 318 (1976), the **HONORABLE JUDGE JOHNSON ORDERED** these parties, the Governor, the Commissioner and the Associate Commissioner's and the " BOARD" to expand these facilities to meet and comply with Prison Overcrowding. Plaintiff's are being denied the basic necessity to life and to keep clean in an enviroment that is engulfed by STAPH BACTERIA with no means to fight it.

Defendant's Overcrowding on **MARCH 21st, 2006** at approximately 11:30am the Institutional barbers were **ORDERED BY CORRECTIONS OFFICIALS** to **STOP CUTTING THE INMATES HAIR AT THIS FACILITY ( E.C.F.).** Defendant's Overcrowding is responsible for the WILLFULL AND WANTON INFLICTION OF PAIN and " DELIBERATE INDIFFER- ENCE AND CALLOUS DISREGARDS. When Health Inspectors came to see E.C.F. Conditions on  **MARCH 21, 2006**, the Health Inspectors were diverted and averted from seeing the deplorable Health Conditions practiced by E.C.F. Inmate Barbers. This has been identified by Health Care Professionals at E.C.F. to be a Major Factor in the contributing to the spread of the STAPH BACTERIA in the HEAD, NECK, AND FACE AND EARS of Inmates and also of the Plaintiff's. This Violates the Plaintiff's 8th Amendment Rights to the United States Constitution.

Defendant's Overcrowding is depriving the Plaintiff's

- 26 -

adequate ventilation for Safe Air Quality, that is a Major Cause in the spread of (**T.B.**) at the EASTERLING CORRECTIONAL FACILITY, also a Air Borne Virus, via poor air quality where inmates are being Kept in Dormatories on an average of at least 22 hours per day.    The **LENNOX COMPANY** is responsible for the Placement of this Facilities Ventilation System, which is being drastically compromised by placing both the Plaintiff's and other Inmates in this closed proximity, which cause the designed Capacity for Air Quality to be reduced to Unhealthy Standards, that is regulated by both STATE and FEDERAL Statutes.

Defendant's overcrowding isa denying the Plaintiff's these qualities to life's basic necessities to have Good Air Quality. This can be seen in the spread of Influenzia Year Round especially at this present Facility, and witnessed by the (H.C.U.) Medical Staff, who has to see and treat both the plaintiff's and other Inmates on a Daily Basis, and who have the Responsibility to keeps up with the demands from the " DEFENDANT'S OVERCROWDING" Systematic Deficiencies, combined with T.B. Hepatitus (B) and (C) STAPH ( MRSA) which is all contributing to all of the Unconstitutional Combination of the conditions of serious merit where E.C.F. has had to quaRntine this Facility for outbreaks of these Contagious diseases, and place at risk, the Plaintiff's and other Inmates, causing the Vacinations for Hepatitus  (B) and (C) along with I & H for the treatment of T.B.This should and does show " DELIBERATE INDIFFERENCE" by the Defendant's Overcrowding.

The Defendant's Overcrowding issues are responsbile ~~for~~ also for the Torture by it'spractices of Sleep Deprivation, here at the E.C.F. Excessive Noise is being forced upon the Plaintiff's and other Inmates depriving us of our Life's Basic Need for sleep.   The excessive noise begins at **3:00 am** in all the Dormatories by repeated announcing over the loud speakers located in the sleeping areas, where by agonizing Noise Correctional Officials use the means for all of the day's activities to make PILL CALL:   DIABETIC PILL CALL AND SUPPER: PSYCHOTROPIC PILL CALLS: SCHOOL CALL: MAIL CALL: CLASSIFICATION APPOINTMENTS: SICK CALL: DENTAL CALL: ETC...........

- 27 -

1

all of which ends around or approximately around 11:30pm for just a little while, leaving just 3½ hours of unmeaningful sleep before once again beginning the next day, thus leaving the Plaintiff and other Inmates deprived of sleep and rest that is needed for the Positive Mental Physical Functioning. Defendant's overcrowding AND their CALLOUS DISREGARD to the Plaintiff's needs for Lifes Basic Necessities, is " WILLFUL AND WANTON INFLICTION OF PAIN" without Penological Justification that has and continues to torture Plaintiff's by Cruel and Unusual Punishment from Sleep Deprivation, by Excessive Noise in the Dorms. and also by excessive noise in the Dormatories.

The Defendant's Overcrowding is depriving the Plaintiffs of the Right to SAFE DRINKING WATER, and also shows DELIBERATE INDIFFERENCE when Correctional Officer's are supplied with Drinking Water brought in by the A.D.O.C. and this Facility.

Plaintiff's contend that the Water Supply at this Facility is being supplied by a Ground well and elevated storage Tank that is located on State Property within 200 Yards of the E.C.F. at 200 WALLACE DRIVE, CLIO, AL. 36017-2613.

Plaintiff's aver that this Drinking Water at this Facility E.C.F. is not being tested by the Department of Enviromental management agency, the Water has a foul smell and taste and is also extremely oily. Numerous Inmates have developed serious skin rashes and sores and boils and are told that they have been bitten by spiders instead.

The Department of Enviromental management has no record of this type of Water Source being located on State Property, at the E.C.F.. Thus, the Water is not being tested in compliance with the FEDERAL SAFE WATER/ DRINKING ACT, which is causing Rashes, Boils, Sores, and Skin Diseases.

ı

The Defendant's Overcrowding because of and by, RICHARD ALLEN, BOB RILEY, and SIDNEY WILLIAMS and the ALABAMA BOARD OF PARDONS AND PAROLES have violated the Plaintiff's and other Inmates 8th Amendment rights under the United States Constitution When clearly violating both State and Federal Statutes, the Defendant's know and have totally and completely disregarded the Excessive risk to the Plaintiff's and other inmate's Health and Safety.  Defendant's Overcrowding has subjected the ● Plaintiff's to these combinations of conditions of the Defendants Overcrowding are OBJECTIVELY CRUEL and the Defendant's have failed to remedy them, thus they are DELIBERATELY INDIFFERENT, and CALLOUS to the Plaintiff's conditions.  All of the Defendants are liable based on what they have known and they have not raised any Defense Objectively, that can substantially dismiss any of the plaintiff's claims.  They have disregarded the risk, that is obvious.

Defendant's Overcrowding is in violation of the Plaintiff's 8th Amendment Rights.  Judge's Discretion under the 8th Amendment gives the Judge's the Authority to make reasonably responsive decisions about Civilians Safety and Welfare in the community when Granting and or Denying Bail Bonds, and that is dependent upon the severity of the Subjects crime.  But, with most, if not all, bonds are set, and the Subject is released from detention based on the Judge's Discretionary Decisions, with the Constitutional Rights of the Subject protected.

The Defendant's overcrowding is WILLFULL and WANTON which denies the Plaintiff's their Constitutional Right by not pract- icing these principles of Discretion.  Defendant's deny Paroles, Work Releases are being shut down, Halfway Houses, and IGT Institutional Good Time is Cut, SIR PROGRAMS are dissolved, Boot Camps and PDL Programs are all being shut down completely, thus creating the problems for Overcrowding.  Defendant's are in violation of the Plaintiff's Constitutional Rights to the 8th Amendment, and the Plaintiff's show that the Defendant's are lacking in responsible decision making that is Undiscret- ionary and Unconstitutional, which violates the Plaintiff's

8th Amendment Rights, that is denying the Plaintiff's participation in these conditional Discretionary programs, when having met all of the A.D.O.C.'S Admistrative criteria as met out in the S.O.P. CLASSIFICATION MANUAL. The bottom line is that the Defendant's Just are not doing their jobs. Governor Bob Riley has appointed a Second Parole Board, where for Four (4) years now, the problems have compounded and the Defendant's Overcrowding has thus increased two-fold and this Second Parole Board has made no significant difference in the problems with the Defendant's Overcrowding.

Plaintiff's now show this Honorable Court, that the Defendant's are " WILLFULL and WANTON" and furthermore are " CALLOUSLY and DELIBERATELY INDIFFERENT, when polmugated programs they have put into place that was supposedly set up and placed to eliviate the Defendant's overcrowding.

The Plaintiff's assert, they are seeking that the Defendants Judgements as listed below.

The Plaintiff's further move this Honorable Court to show that Governor Bob Riley and the Prison Commissioner Mr. Richard Allen, and Mr. Sidney Williams, CHAIRMAN OF THE ALABAMA BOARD OF PARDONS and PAROLES have all acted Arbitrarily and Capricously in administering Punishment, which clearly has not been Authorized by State nor Federal law.


<u>RELIEF SOUGHT</u>

1. The Plaintiff's seek the Amount of $ 1,000,000.⁰⁰ each from each and every Defendant Jointly and Seperately for and in Punitive Damages. $ 250,000.⁰⁰ each

# Certificate of Service

I hereby certify that I have on this 21st day of September, 2006, Submitted a Copy of the foregoing upon the defendants' Attorney, and the Clerk of this Court, by placing same in the United States Mail box, here at Easterling Correctional facility, postage prepaid and properly addressed as follows:

TROY ~~KITR~~ 9m KING. (ATTORNEY FOR DEFENDANTS)
office of Attorney General
11 South Union st.
Montgomery, AL. 36130


United States District Clerk
P.O. Box 711
Montgomery, AL.
            36101

Done this 21st Day of September, 2006

James McDonald
JAMES McDONALD 236354
200 Wallace Dr.
Clio, AL.  36017