IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:06cv284-MHT |
| | ) | |
| RICHARD ALLEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

McDonald is an inmate at Easterling Correctional Facility.  He contends in this 42 U.S.C. § 1983 action that overcrowding at that facility violates his constitutional rights.  The only defendants named by McDonald are Richard Allen, the Commissioner of the Alabama Department of Corrections; Bob Riley, the Governor of the State of Alabama; and Sidney Williams, the Chairman of the Alabama Board of Pardons and Paroles.  In response to the orders of the court, the defendants filed special reports and answers. The court then informed the plaintiff that the defendants' special reports may, at any time, be treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment.  The plaintiff has filed his response, and this case is now before the court for consideration of the defendants' motion for summary judgment which the court concludes is due to be granted.

**SIDNEY WILLIAMS**

In an extraordinary display of casuistry, McDonald contends that members of the

Alabama Board of Pardons and Paroles ("Board") know that prisons are overcrowded and their failure to address this problem violates his constitutional rights. In essence, McDonald seems to argue that because prisons are overcrowded, he is constitutionally entitled to parole or at least to be considered for parole. This contention is specious for several reasons.

McDonald has come forward with no evidence showing that Williams is responsible for any overcrowding at Easterling. The language of § 1983 plainly requires proof of an affirmative causal connection between actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988 (11th Cir. 1995). McDonald attempts to elide this problem by suggesting that Williams (and the Board) could remedy the overcrowding by paroling prisoners. So, putting aside the problem that Williams is only a single member of the Board,[1] what McDonald suggests is that Williams has some affirmative duty to release prisoners to alleviate an unconstitutional condition. But McDonald has failed to show that the Board has that authority. As Williams argues, *Ellard v. Ala. Bd. of Pardons & Paroles*, 928 F.2d 378 (11th Cir. 1991) shows that there are limits on the authority of the Board to issue paroles.

McDonald has not shown that Williams is responsible in any way for prison overcrowding or that he has any duty, much less authority to remedy the problem. Summary judgment in favor of Williams is due to be granted.

---

[1] Even were Williams so inclined to want to release McDonald because of overcrowding, he cannot do it by himself; only a majority of the Board can release a prisoner on parole. ALA. CODE § 15-22-28(d).

**RICHARD ALLEN AND BOB RILEY**

McDonald has not produced any evidence to show that the Commissioner of the Alabama Department of Corrections or the Governor of the State of Alabama, who are sued in their individual capacities, are directly responsible for or personally participated in establishing the conditions about which the plaintiff complains.  In such a situation, the law in this circuit is well settled.  "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted).  Thus, supervisory defendants are liable only if they personally participated in the allegedly unconstitutional conduct or if there is "a causal connection between [their] actions ... and the alleged constitutional deprivation." *Id. See also West v. Tillman,* 496 F.3d 1321, 1328 (11th Cir. 2007).  The plaintiff must present sufficient evidence of either (1) a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or ... facts [that] support an inference that the supervisor[s] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so;" or (2) "a history of widespread abuse [that] put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone*, 326 F.3d at 1360 (internal quotation marks and citations omitted) (second alteration in original). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation

marks and citation omitted).

In his unsworn response to the defendants' motion for summary judgment, McDonald states that Allen (and presumably Riley) know that all prisons are overcrowded.[2] McDonald then goes on to say that the defendants "should have known they were violating the Plaintiff's Constitutional Rights housing them in Overcrowded Facilities with Prisoners that are sick with Dangerous Diseases, is Unconstitutional . . . " (Pl's Mot. and Res. to Defs' Special Report, doc. # 38, at 7). McDonald presents a panoply of conditions and problems which he contends derive from the overcrowded conditions. Variously these conditions and problems are inadequate bathroom facilities, staph infections, existence of Hepatitis C but no vaccinations for it,[3] inadequate hot water, unsanitary barber shop conditions, fire hazards, understaffed and overworked prison guards, inadequate health care, inadequate exercise, inadequate law library time, inadequate and dirty bed linens, faulty fire alarms, unsafe air quality, unsafe drinking water, and excessive noise interfering with sleep.

McDonald has produced no evidence that Allen or Riley directed subordinates to act unlawfully with respect to prison conditions. Thus, the only remaining issue is whether the overcrowding and the conditions identified by McDonald constitute widespread abuses

---

[2] The obvious difficulty with this assertion is that McDonald doesn't say how he knows what the defendants know, and that failure on his part means that the court cannot consider it in support of his opposition to the motion for summary judgment. *See* FED.R.CIV.P. 56(e)(1) (Requiring that an opposing affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated . . . ")

[3] McDonald neglects to mention that there is no approved human Hepatitis C vaccine. *See http://www.nih.gov/news/research_matters/may2007/05292007hepatitis.htm*, accessed February 13, 2008.

4

which were "obvious, flagrant, rampant and of continued duration" so that Allen and Riley

were put on notice that the conditions needed correction, and they failed to do so.

In the Eighth Amendment context there is no "static test" for determining which

conditions violate the Constitution. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Rather, whether a violation exists requires a fact intensive determination of what conditions

exist and whether objectively and subjectively the conditions offend the Constitution by

amounting to seriously sufficient deprivations to which officials were deliberately indifferent.

*See, e.g. Farmer v. Brennan*, 511 U.S. 825 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298

(1991).

All of the conditions or problems identified by McDonald are unfortunately problems

of prison life in general, a life which while not comfortable must be humane. *Mathews v.

Crosby,* 480 F.3d 1265, 1269 (11th Cir. 2007).  But the existence of the problems identified

by McDonald hardly can be characterized as "abuses."  What McDonald does not do is come

forward with evidence which shows that prison officials at Easterling ignored these problems

or displayed indifference to them.  The mere fact of the existence of the problems identified

by McDonald is insufficient to show a constitutional violation.  Moreover, McDonald has

come forth with no evidence that these problems are so obvious, flagrant, rampant and of

continued duration putting Allen and Riley on notice of deficiencies so serious that their

intervention was constitutionally required.  In short, the defendants are entitled to summary

judgment on McDonald' claims.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

defendants' motions for summary judgment be granted and that this case be dismissed with prejudice. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before March 4, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of February, 2008.

_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE